UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON
NOV 28 2012
Per_____
DEPUTY CLERK

ZEEWE DAKAR MPALA, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-1748
:
FEDERAL BUREAU OF PRISONS, : (Judge Kosik)
et al., :
    Defendants :

## MEMORANDUM

Before the court is a complaint filed by Zeewe Dakar Mpala ("Mpala") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, et seq. and 28 U.S.C. § 2675 et seq. Mpala is a non-incarcerated litigant proceeding pro se in this matter which concerns incidents that appear to have occurred while he was confined at the United States Penitentiary at Lewisburg, Pennsylvania. He also appears to allege events that occurred following his release from prison. While the complaint is quite confusing to follow, it appears that Mpala alleges he was forced to receive an injection rather than be provided an x-ray. There are also allegations with respect to being forced to cell with an ill inmate, as well as allegations that following his release from prison a private physician failed to inform him he tested positive for Hepatitis C. Along with the complaint, Mpala has filed an application seeking leave to proceed in

forma pauperis in this matter. For the reasons that follow, the motion for leave to proceed in forma pauperis will be granted, but pursuant to the mandatory screening process for pro se in forma pauperis complaints, the FTCA claims set forth against the individual defendants will be dismissed, and the United States will be substituted as the sole Defendant in this action.

I.  **Background**

In reviewing Mpala's filing, it appears that he only seeks to pursue his claims under the FTCA. Named as Defendants are the Federal Bureau of Prisons and the following employees at USP-Lewisburg: Steven Brown, William Bogler, Correctional Officers Zimmerman, Fosnot and Brouse, and Counselors Adami, Rice and Rodarmel. Also named as a defendant is Violeta Popov, who appears to be a private physician. Mpala alleges that he is a member of the "Gullah Tribe from the Southern Carolinas." (Doc. 1, Compl. at 1.) He states that he arrived at USP-Lewisburg from FCI-Schuylkill in November of 2004. Unlike his experience at FCI-Schuylkill, he claims that at USP-Lewisburg he was forced to take a "PPD shot" instead of being provided with x-rays despite his vehement objections. (Id.)

He specifically alleges that on January 24, 2008, Defendant Zimmerman was at the desk on D-Block when Defendants Fosnot, Brouse and other unspecified defendants ordered him to go with them. He states that his hands were cuffed behind his back, and that Defendant Bogler then "assaulted him with a syringe

2

involuntarily." (Doc. 1, Compl. at 2.) He also alleges that he was forced to share and remain in a cell with inmate Kenneth Byrd who was very ill.

Upon his release from USP-Lewisburg on February 29, 2008, Mpala states that he filed a complaint against these staff members with the Office of Inspector General. He states he did not file the complaint while he was still incarcerated because his mail was being tampered with and he was under duress because he believed he would be harmed by his tormentors. Following his release, Mpala also states he went to see Dr. Violeta Popov to test his blood for HIV due to his experience with Defendants. It appears that Popov may have provided Mpala with the result that he was not HIV-positive, but failed to inform him that he was HCV-positive. He did not learn this information until a year later. He claims that as a result, he suffered during this time period prior to beginning chemotherapy on February 20, 2009. He states that Popov is guilty of malpractice due to his actions. He seeks monetary damages.

## II. Discussion

A court must engage in a two-step inquiry when evaluating a request to proceed in forma pauperis. First, it must evaluate a litigant's financial status and determine whether he is eligible to proceed in forma pauperis under § 1915(a), which provides that a court may authorize the commencement of a suit without prepayment of fees if a person affirms that he is unable to pay such fees. See 28 U.S.C. § 1915(a)(1). Next, it must assess the complaint under § 1915(e), which provides, in

relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

### A. Application to Proceed In Forma Pauperis

Mpala's application to proceed in forma pauperis reveals that he is unemployed and on welfare. He states that his sources of income are $200.00 in food stamps and $212.00 cash per month. He has no money in any checking or savings account. His expenses include $59.00 a month rent, $25.00 a month for transportation, and assorted costs for other miscellaneous living expenses. He also states that pursuant to the judgment in his underlying criminal case, he must pay a special assessment in the amount of $200.00. (Doc. 6.) The court finds the above information to be sufficient to demonstrate that Mpala should be permitted to proceed in forma pauperis for the sole purpose of filing the instant complaint.

### B. Screening the Complaint

Under Section 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if it is determined that the action fails to state a claim on which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a

4

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

In the instant case, Mpala raises his claims solely under the FTCA. As a threshold matter "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." Moshier v. United States, NO. 05-180, 2007 WL 1703536, *9 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004)(quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §

1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See United States v. Muniz, 374 U.S. 150 (1963).[1]

Further, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476. As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action: "the only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law. See 28 U.S.C. § 1346(b)(1)." Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010). Therefore, when inmates bring actions against individual government

---

[1] With this said, it is clear the Defendant Popov must be dismissed from this action. Mpala states that Popov is a private physician who he did not even see him until after his release from prison. Clearly Popov was not acting in the capacity of a government employee. It appears that Mpala seeks to bring a medical malpractice claim against Popov, but the FTCA is not the appropriate vehicle for doing so. The claims against Popov will be dismissed without prejudice to any right Mpala may have to pursue state negligence claims against this defendant.

7

officers for negligence under the FTCA, the proper course to follow is to substitute the United States for these individual defendants, and dismiss the individual defendants. (Id.)

That is the course the court will follow here. Since the complaint makes clear that Plaintiff is proceeding exclusively under the FTCA, and there appears to be no question that the individual named defendants were acting within the scope of their employment with the Bureau of Prisons at the time of the incidents alleged, the United States of America is the only proper defendant in this FTCA suit, and the United States should be substituted for the individual defendants who will be dismissed from this action. The Clerk of Court will be directed to substitute the United States as the sole defendant in this action, and service of the complaint will be directed. An appropriate order follows.