UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ZEEWE DAKAR MPALA,                          :
                                            :
                    Plaintiff               :
                                            :
         v.                                 : CIVIL NO. 3:CV-11-1748
                                            :
 UNITED STATES OF AMERICA,                  : (Judge Kosik)
                                            :
                    Defendant               :


**<u>MEMORANDUM</u>**

This civil action was filed by Plaintiff, Zeewee Dakar Mpala, pursuant to the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 <u>et</u> <u>seq</u>.  In the complaint, Plaintiff alleges that

his rights were violated while incarcerated at the United States Penitentiary at Lewisburg,

Pennsylvania.  He was released from custody on February 28, 2008, and commenced this

action on September 20, 2011.  Pending before the court is a motion to dismiss filed by the

sole defendant, the United States of America.  For the reasons which follow, the motion will

be granted.

**I.     Background**

The complaint in this matter and supplements thereto make it clear that Plaintiff

pursues this action exclusively under the FTCA.  (Docs. 1, 13, 18.)  He alleges that his rights

were violated while incarcerated when: (1) he was given a PPD test by injection rather than a

non-invasive chest x-ray or Gold blood testing; (2) his mail was tampered with; (3) he was

forced to cell with a very ill inmate; and (3) following his release, an outside physician failed to timely notify him that he tested positive for Hepatitis C and conspired with prison staff to cover up this condition.

## II.      Motion to Dismiss Standard

Defendant first moves to dismiss the complaint for failure to exhaust pursuant to Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  See id.; PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993).  In reviewing a factual attack, the court may consider evidence outside the pleadings.  See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)(citing Mortensen, 549 F.2d at 891); Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted), holding modified on other grounds by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Here, Defendant's motion presents a factual attack upon the subject matter jurisdiction, arguing that this court lacks jurisdiction over this claim due to Plaintiff's failure to exhaust his administrative remedies.  When presented with such a fact-bound jurisdictional challenge, the following applies:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891. If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18. "[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." Gould, 220 F.3d at 177.

Moyer Packing Co. v. United States, 567 F.Supp.2d 737, 748 (E.D. Pa. 2008).

## III.    Discussion

Defendant, United States, seeks the dismissal of the complaint on the basis of lack of subject matter jurisdiction because Plaintiff failed to file an administrative tort claim on any of the issues presented in his complaint.[1] In the alternative, Defendant maintains that: (1) the claims are barred by the statute of limitations and (2) to the extent Plaintiff is suing the United States for malpractice, his claims are subject to dismissal because Plaintiff does not have a medical expert and has failed to timely file a certificate of merit. Because the first argument is dispositive of the motion, the alternative arguments need not be addressed.

Defendant alleges that Plaintiff did not exhaust his administrative remedies before

---

[1] Defendant also notes that outside physician Violeta Popov, M.D. is not a federal employee and, as such, Plaintiff cannot sue the United States for any alleged malpractice claim against her. See 28 U.S.C. § 1346(b)(1). Defendant's argument is well taken, and any such claim is not appropriately brought in the instant action. Defendant further correctly notes that Plaintiff would not be entitled to a jury trial under the FTCA. See 28 U.S.C. § 2402.

bringing this FTCA action.  Plaintiff's alleged failure to exhaust his administrative remedies

may have substantive significance for him since as a prerequisite to suit under the FTCA, a

claim must first be presented to the federal agency and be denied by the agency, or be

deemed to be denied.  Section 2675(a) of Title 28, United States Code, provides in pertinent

part:

> An action shall not be instituted against the United States for money damages
> for injury or loss of property or personal injury ... unless the claimant shall have
> first presented the claim to the appropriate Federal agency and his claim shall
> have been finally denied by the agency in writing and sent by certified or
> registered mail.  The failure of the agency to make final disposition of a claim
> within six months after it is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for purposes of this section ....

In general, the United States enjoys sovereign immunity from suit unless it otherwise

consents to be sued.  White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010).

The United State's "consent to be sued must be 'unequivocally expressed', and the terms of

such consent define the court's subject matter jurisdiction."  Id.  The Federal Tort Claims Act

constitutes "a limited waiver of the United States's sovereign immunity."  Id. The FTCA

provides that the United States shall be liable, to the same extent as a private individual, "for

injury or loss of property, or personal injury or death caused by the negligent or wrongful act

or omission of any employee of the Government while acting within the scope of his office

or employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.  Therefore, prior to

commencing an FTCA action, a plaintiff must comply with the procedural prerequisites set

forth by the FTCA.  Such procedural compliance is the price a plaintiff must pay to take

advantage of the limited waiver of sovereign immunity provided by the FTCA.

Thus, prior to commencing an FTCA action against the United States in federal court, a plaintiff must "first present [] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain, in the form prescribed by federal regulations.  28 C.F.R. § 14.2(a).  If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA.  28 U.S.C. § 2675(a).

The Third Circuit has instructed us that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, ... the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived."  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003)(citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)).  The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his

5

administrative remedies prior to filing suit.  See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010)(finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

In this regard, it must be emphasized that full administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit.  Therefore, where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that action.  Miller v. United States, 517 F. App'x 62, 63 (3d Cir. 2013); Roma v. United States, 344 F.3d at 362. In short, given the jurisdictional nature of this exhaustion requirement, when an inmate files an FTCA lawsuit before he receives a final denial of his administrative tort claim, "the District Court [i]s without jurisdiction to rule on the FTCA claim[,] see McNeil, 508 U.S. at 111-12, 113 S.Ct. 1980, 124 L.Ed.2d 21 (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed)," Accolla, 369 F. App'x at 410, and the claim must be dismissed.

Moreover, case law also recognizes that there is a fundamental distinction between the type of administrative exhaustion of inmate grievances through a prison grievance system that is required by the Prison Litigation Reform Act of 1996 (the "PLRA"), 42 U.S.C. § 1997e(a), before bringing a Bivens constitutional tort claim against individuals, and the separate administrative exhaustion requirement mandated by the FTCA before an inmate may

6

pursue tort claims against the United States.  West v. Shultz, 1:CV-12-1004, 2014 WL

1668093, *6-9 (M.D. Pa. Apr. 24, 2014).  Given the existence of these two separate

administrative processes, and the very different purposes served by these two parallel

processes, an inmate may not rely upon the submission of prison grievances to satisfy his

separate and independent exhaustion obligation under the FTCA.  As this Court has recently

observed:

> Because of the mandatory exhaustion procedures under both the PLRA and the
> FTCA, and the separate purposes of these procedures with respect to the
> different claims, courts have consistently held that fulfillment of one
> exhaustion requirement does not satisfy the other.  See Lambert v. United
> States, 198 F. App'x 835, 840 (11th Cir. 2006); Brockett v. Parks, 48 F. App'x
> 539, 541 (6th Cir. 2002).  This Court has also made clear that the administrative
> exhaustion requirements under the PLRA and the FTCA are separate and
> distinct, and that each must be independently followed in order for an inmate to
> maintain Bivens and negligence claims in the same action.  See Williams v.
> Bledsoe, Civ. No. 3:CV-12-1235, 2013 WL 5522848, *19-20 (M.D. Pa. Oct. 3,
> 2013)(Caputo, J.); Lopez v. Brady, Civ. No. 4:CV-07-1126, 2008 WL
> 4415585, at *10 (M.D. Pa. Sept. 25, 2008)(McClure, J.).

West v. Shultz, 1-CV-12-1004, 2014 WL 1668093, *9; see also McKreith v. Endicott, Civ.

A. No. 11-CV-105, 2013 WL 990836, at *4 (E.D. Ky. Mar. 12, 2013)("The fact that the

administrative remedies filed by [plaintiff] regarding his tort claim were somewhat related to

the allegations in his Bivens complaint against [the defendant] does not cure his failure to

properly exhaust his administrative remedies."); Gaughan v. U.S. Bureau of Prisons, No. 02-

0740, 2003 WL 1626674, at *2 (N.D. Ill. Mar. 25, 2003)("[A]nalysis of the case law

persuades the court that the different administrative processes serve different functions and

thus are not interchangeable."); Owusu v. Federal Bureau of Prisons, No. 02-CV-0915, 2003

WL 68031, at *2 (S.D. N.Y. Jan. 7, 2003)("Here, while the plaintiff did fully exhaust the available administrative remedies for this FTCA claim, he did not do so for his <u>Bivens</u> claim under the PLRA.  The exhaustion procedures under the two statutes differ, and the fulfillment of one does not constitute satisfaction of the other.").

In the instant case, Plaintiff did not file any administrative tort claims with the BOP to address the PPD test, being forced to cell with an ill inmate, mail tampering, or medical malpractice.  Defendant submits the declaration made under penalty of perjury of D. Weber, Paralegal Specialist at USP-Lewisburg.  (Doc. 22-2, Weber Decl.)  Weber is familiar with the BOP's Program Statement 1320.06, Federal Tort Claims Act, and the filing of administrative tort claims.  Weber is responsible for assigning administrative tort claims concerning USP-Lewisburg for investigation, and reviewing those investigations in determining whether to recommend denial or settlement of a claim.  In this position, Weber has access to the official records copied and maintained by the BOP regarding administrative tort claims, located in the BOP computerized database system, which include records of any administrative tort claims filed by BOP inmates since October of 2007.  A search of the database revealed no record of an administrative tort claim filed by Plaintiff.  As such, Plaintiff has not filed an administrative tort claim on the issues presented in the instant complaint.

In opposing Defendant's submission, Plaintiff fails to present any facts to dispute the foregoing.  Rather, he states that he "now amends his complaint to bring his claims under <u>Bivens</u>", and then goes on to argue how he attempted to exhaust his claims through the

prison's grievance system.  (Doc. 26 at 2.)  He attaches copies of various Inmate Request to

Staff forms, Informal Resolution Attempt forms, Requests for Administrative Remedy forms,

and responses to these different requests.

Plaintiff does not refute or even attempt to argue that he filed an administrative tort

claim with the BOP with respect to any of the claims he raises in his FTCA complaint.  As

such, it is clear that the complaint is subject to dismissal for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

To the extent Plaintiff indicates in his opposing brief that he is now amending his

complaint for the purpose of asserting his claims under Bivens, any such attempt to do so is

rejected by the court.  It is well established that a party cannot amend his complaint through

arguments set forth in an opposition brief.  See Commonwealth of Pennsylvania ex rel.

Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988); Sansom Committee v. Lynn,

366 F. Supp. 1271, 1278 (E.D. Pa. 1973).

Plaintiff filed this complaint only under the FTCA.  He did not state that he was also

seeking relief under Bivens.  In fact, he was very clear that his action was exclusively under

the FTCA.  This fact has been noted throughout these proceedings.  Plaintiff has filed

amendments/supplements during the course of this lawsuit, and has never requested

permission to raise his claims under Bivens.  Merely because he now realizes that his FTCA

claims are subject to dismissal on the basis of failure to exhaust, he will not be permitted to

amend the basis of his action through statements made in his brief in opposition to

Defendant's motion to dismiss.  As such, the complaint will be dismissed for failure to

exhaust administrative remedies with the BOP.[2]

      An appropriate order follows.

---

    [2] Defendant's alternative argument that the complaint is also subject to dismissal because it was filed outside the statute of limitations is also well taken.  The FTCA imposes a two-fold obligation of timeliness upon litigants pursuant to 28 U.S.C. § 2401(b).  There is a two year period in which a claim must be tendered to the affected federal agency for its consideration.  Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010). Once the agency has acted upon the administrative claim, denying the claim, the plaintiff then has six months in which to proceed to court. Id. These limitations periods must be read in the conjunctive.  See Willis v. United States, 719 F.2d 608, 610-13 (2d Cir. 1983).  Both limitations periods under § 2401(b) must be satisfied in order for an FTCA complaint to be timely." Seiss v. United States, 792 F.Supp.2d 729, 732 (D.N.J. 2011).
    While in appropriate circumstances the equitable tolling doctrine could apply to FTCA claims, see Santos ex rel. Beato v. United States, 559 F.3d 189, 194-95 (3d Cir. 2009), no such circumstances are asserted or exist in the instant case.  See Jones v. United States, 366 F. App'x 436, 439-40 (3d Cir. 2010)(finding equitable tolling may apply to FTCA claims in three instances: (1) where defendant has actively misled plaintiff respecting the plaintiff's cause of action; (2) where plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where plaintiff has timely asserted his rights mistakenly in the wrong forum).